IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AHMAAD WHITE,

    *Plaintiff,*

vs.   NO. 23-cv-1080-DHU-GJF

CITY OF HOBBS, NEW MEXICO,

    *Defendant.*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 8). Plaintiff Ahmaad White's Complaint alleges five causes of action against the City of Hobbs ("Defendant"): (1) racial discrimination in violation of Title VII of 42 U.S.C. § 1981, (2) violations of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, (3) retaliation in violation of Title VII, (4) hostile work environment violations of Title VII, and (5) direct discrimination and retaliation violations of Title VII. Defendant now moves for dismissal of counts four and five of Plaintiff's Complaint due to Plaintiff's failure to exhaust his administrative remedies. For the reasons set forth below, the Court now GRANTS the motion.

### I.  FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed his complaint alleging Title VII and Fourteenth Amendment violations against his former employer, the City of Hobbs, for allegations arising out of his employment the Police Department, on December 5, 2023. Doc. 1 at 2 (Plaintiff's Complaint).[1] Plaintiff is an African American man who alleges that other Hobbs City employees made extremely derogatory and racially motivated comments to Plaintiff.[2] *Id.* at 6. Additionally, Plaintiff alleges he was treated

---

[1] Plaintiff continues to be employed by the City of Hobbs in this position.
[2] These comments included repeated use of the term "Negro," and the n-word.

differently from his white peers by his employers and was denied promotions because of his race. *Id.* at 8.

Defendant filed a motion to dismiss counts four and five of the Complaint on January 18, 2024 (Doc. 8). In it, Defendant argues that because Plaintiff has not exhausted his administrative remedies, this Court does not have subject matter jurisdiction over those counts.

## II.     LEGAL STANDARDS

A motion to dismiss should be granted where a complaint "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under 12(b)(6) a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief which is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Motions to dismiss under 12(b)(1) for failure to exhaust are analyzed under the 12(b)(6) standards. *Hyman v. New Mexico State Univ.*, 2020 WL 1514801, at *14 (D.N.M. Mar. 30, 2020). Under Title VII, administrative exhaustion is an affirmative defense for employers. *Alabi v. Vilsack*, 860 F. App'x 576, 579 (10th Cir. 2021).

## III.     DISCUSSION

Defendant moves this Court to dismiss Plaintiff's fourth and fifth causes of action under Rule 12(b)(1) for lack of subject-matter jurisdiction because Plaintiff failed to exhaust his administrative remedies: Plaintiff did not file a charge of discrimination based on race with either the EEOC or the Human Rights Division. Defendant argues that this Court does not have subject matter jurisdiction due to Plaintiff's failure to exhaust. *See Hyman,* 2020 WL 1514801. Plaintiff responds that while he had not exhausted his administrative remedies when the Complaint was filed, he has since filed a charge of discrimination with the EEOC. *See* EEOC No. 453-2024-00565

Ahmmad White v City of Hobbs, New Mexico.[3] Plaintiff then requested that this Court delay ruling on Defendant's Motion for forty-five days to "give the EEOC sufficient time to issue a right to sue letter and to give Plaintiff sufficient time to request leave to amend his Complaint." Doc. 12 (Plaintiff's Response).

Under a generous application of Plaintiff's request for the Court to delay ruling on this motion for forty-five days,[4] Plaintiff should have notified this Court of his right to sue letter on March 18, 2024. It is now over two weeks from that deadline, and the Court has not received the right to sue letter, any update from Plaintiff regarding his exhaustion requirements, or a request to amend his complaint. Given these facts, the Court finds that Plaintiff has not exhausted his administrative remedies and therefore the Court lacks subject matter jurisdiction over the fourth and fifth counts of Plaintiff's Complaint. The Court will now dismiss Counts Four and Five of Plaintiff's complaint *without* prejudice.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss (**Doc. 8**). Counts four and five of Plaintiff's Complaint are now dismissed without prejudice.

**IT IS SO ORDERED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

[3] In Plaintiff's response, the name of his EEOC complaint has his own name misspelled. It is unclear if that is an error in Plaintiff's briefing, or if the actual citation of the case includes this error.

[4] Forty-five days from February 1, 2024 (the day Plaintiff made this request) fell on Saturday, March 16, 2024. Assuming Plaintiff's counsel was not performing legal work on the weekend, any documents that Plaintiff had regarding the EEOC letter should have been submitted to the Court on Monday, March 18, 2024.