# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **Ahmaad White** | § | |
| Plaintiff, | § § § | |
| | § | CA No: 2:23-cv-1080-DHU-GJF |
| v. | § § | |
| **City of Hobbs, New Mexico** | § | Jury Demanded |
| Defendant | § § | |

## SECOND AMENDED COMPLAINT

Ahmaad White ("**Plaintiff**") brings this action against the City of Hobbs, New Mexico ("**City of Hobbs**").

1. **RACE DISCRIMINATION IS ILLEGAL - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. SECTION 1981**

   1.1. 42 U.S.C. § 1981 provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens.

   1.2. This law entitles a person of color to equal opportunity and treatment in employment.

   1.3. When an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

1.4. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("**Title VII**") also prevents discrimination, harassment and retaliation based on race.

## 2. STATEMENT OF THE CASE

2.1. This action is brought to enforce the provisions of Title VII and the provisions of 42 U.S.C. §§ 1981 and 1983 for damages resulting from Defendant's racially-biased atmosphere, culture, treatment and retaliation.

2.2. As set forth below, Defendant (1) subjected Plaintiff to a hostile work environment because of his race; (2) discriminated against Plaintiff because of his race; (3) retaliated against Plaintiff because of his complaints about direct discrimination and a racially hostile work environment; and (4) treated Plaintiff differently than white individuals/employees/job applicants.

2.3. The City of Hobbs has a history of racially-inappropriate treatment of its citizens and employees.

## 3. PARTIES, JURISDICTION AND VENUE

3.1. Plaintiff, a black African American, was employed by the Police Department of the City of Hobbs beginning in 2009.  He resides in Hobbs, New Mexico.

3.2.  Defendant City of Hobbs is an entity within the County of Lea, State of New Mexico, and a municipality and person pursuant to Section 1983. The City of Hobbs organizes, operates, and maintains the Hobbs Police Department ("**HPD**"), the primary law enforcement agency in the City of Hobbs. Defendant City of Hobbs has appeared in this action.

3.3.  This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. §1331.

3.4.  Venue is proper under 28 U.S.C. §1391(b).

4.  **FORESEEABILITY OF THE PROBLEM**

4.1.  A Glassdoor survey reports that 61%, or about three out of five US employees, have witnessed or experienced discrimination in the workplace.[1]

4.2.  The same survey reports that 42% of employed adults in the US have experienced or witnessed racism in the workplace; the highest percentage of the 4 countries surveyed.[2]

4.3.  A report by the EEOC states that 75% of employees who spoke out against workplace mistreatment face some form of retaliation.[3]

---

[1] https://www.glassdoor.com/blog/new-study-discrimination/ (last visited 11-7-2023

[2] *Id.*

[3] https://www.eeoc.gov/select-task-force-study-harassment-workplace#_ftn65

4.4. A report by Ethics & Compliance Initiative finds that when employees at all levels are held accountable, retaliation is not as prominent. The retaliation rate is only 16% when managers are held accountable compared to approximately 40% when managers are not held accountable.[4]

## 5. EEOC Charges

5.1. Plaintiff exhausted his administrative remedies. Plaintiff timely filed administrative charges of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

5.2. On February 16, 2024, and on March 25, 2024, the EEOC issued right to sue letters.

5.3. Plaintiff filed this action within 90 days of his receipt of the right-to-sue letters from the EEOC.

5.4. All preconditions to this suit have been met.

## 6. Plaintiff's Outstanding Background, Experience and Qualifications

---

(Citing Lilia M. Cortina & Vicki J. Magley, Raising Voice, Risking Retaliation: Events Following Interpersonal Mistreatment in the Workplace, 8:4 J. Occupational Health Psychol. 247, 255 (2003)).

[4] https://www.ethics.org/knowledge-center/increasing-employee-reporting-free-from-retaliation/ (last visited 11-7-2023).

6.1.  Plaintiff was a sergeant in the Hobbs, New Mexico Police Department and had been employed there since June 9, 2009. Since 2010 he has been a certified New Mexico Law Enforcement Officer.

6.2.  He was the Officer of the Year in 2015 for the Hobbs Police Department and received a Medal of Valor in 2016. He was a Congressional Recognition Recipient in 2016.

6.3.  He has completed numerous law enforcement training programs such as:

6.3.1.   crime scene investigation and processing;

6.3.2.   crime scene reconstruction;

6.3.3.   both advanced and master classification officer status

6.3.4.   advanced SWAT, tactical skills, hostage rescue and firearms;

6.3.5.   tactical team leader; and

6.3.6.   SWAT Tactical Leadership through National Tactical Officers Association.

6.4. These are just a few of the awards and training Plaintiff has received. His ability to function as a highly trained employee of the HPD should be unchallenged. Yet, he was intentionally discriminated against because of his race, subjected to a racially hostile work environment and denied opportunities to advance because of his race.

7. **FACTUAL BACKGROUND COMMON TO ALL COUNTS REGARDING THE DISCRIMINATION SUFFERED BY PLAINTIFF.**

7.1. While employed by the HPD Plaintiff has been subject to a racially hostile environment and direct acts of discrimination and retaliation because of his race. These acts were taken by the City of Hobbs employees. The acts include, but are not limited to, the following.

7.2. On December 31, 2017, at a New Year's Eve party, City of Hobbs employee Ryan Herrera (a white Hobbs Fire Department employee ) called Plaintiff a "fuckin nigger." City of Hobbs officials were aware of the comment. Instead of taking action against Mr. Herrera, Mr. Herrera was promoted shortly after the incident. He is now a Battalion Chief with the City of Hobbs Fire Department. Mr. Herrera is a relative of Hobbs City Manager Manny Gomez.

7.3. Mr. Herrera also stated that a City of Hobbs white female employee, Caitlyn Schwartz, "loves big black cock." The City of Hobbs was sued over the statement.

7.4. The City of Hobbs was also sued by Police Department officers Brandon Ellis, Vashawn Robinson and Jeremy Artis after HPD Sergeant Eric Berdoza commented to Brandon Ellis that "we arrested a lot of niggas today."

7.5. In July/August of 2021, HPD Lieutenant Joe Turrito (white) stated to Lieutenant Alvin Mattocks "get your hands off me negro." Turrito admitted making the comment but was not put on administrative leave until weeks later.

7.6. On September 23, 2021, Plaintiff complained about these incidents and the racially hostile work environment to HPD Chief John Ortolano. Chief Ortolano stated that Lieutenant Turrito's use of the word "negro" was not in a bad way and that the word is still used in government/federal documents. Instead of condemning the statement, Chief Ortolano justified it and made excuses for it. This is representative of the overall atmosphere by City of Hobbs employees with regard to African Americans.

7.7. In the September 2021 conversation with HPD Chief John Ortolano, Plaintiff also raised that HPD Officer Brandon Marinovich was promoted to the rank of Sergeant after being involved in an allegation of a gang rape. HPD Jason Herrera was also involved in the gang rape allegation and after leaving the Department for approximately 2 years came back as a parole officer and then promoted to Lieutenant. Neither Marinovich nor Herrera is African American. Conduct such as this was tolerated when engaged in by white employees, but not African American employees.

7.8. In 2021, Plaintiff applied for a promotion to Lieutenant, but it was denied. Others were promoted.

7.9. At that time Plaintiff spoke to Lieutenant Mark Munro (white employee) about the pay scale in the HPD. Plaintiff learned that Eric Berdoza was not only making more money than Plaintiff as a patrol officer, but was also being promoted to the position of Patrol Sergeant after making racially offensive statements that caused the City of Hobbs to be sued. Munro agreed that discrimination was definitely happening and that promotions were race-based. Munro stated that he, as a white-male, should not have been promoted to Lieutenant and the "token" black employees in a promotional process had already been promoted.

7.10.   In September 2021 Plaintiff spoke with Captain Ricky Guerrero (Lieutenant at that time) about the incidents that took place with the promotional process. Plaintiff complained that Chief Ortolano was preventing him from being promoted within the Department. Chief Ortolano was doing so because Plaintiff previously spoke out about the racially hostile work environment within the City of Hobbs and the HPD.

7.11. Chief Ortolano was preventing Plaintiff from being promoted in retaliation for the complaints made by Plaintiff.

7.12.    In September 2021 Plaintiff spoke with Deputy Chief August Fons and complained about the retaliation by Chief Ortolano with regard to Plaintiff's lack of a promotion. Deputy Chief August Fons stated that "you got people over there that are running this fucking department [Human Resources] and as long as it stays that way, it's not gonna get any better."

7.13.    In September 2023, the racial discrimination against Plaintiff continued and is evidenced by the disparate treatment against him.

7.14.    On September 18, 2023, Plaintiff was "benched" or labeled inactive with the Hobbs Police Department SWAT team by Captain Ricky Guerrero. The reason given was that Plaintiff had "a lot going on in his personal life." Previously Brandon Marinovich, a white HPD employee, and Brandon Solomon, a white HPD employee, were not benched from the SWAT team despite both being the subject of rape allegations. Plaintiff, an African American, was treated one way, and Marinovich and Solomon, white employees, were treated differently. This incident is typical of the treatment received by Plaintiff and African American employees in the HPD.

7.15.    Brandon Marinovich was again under investigation for rape and he was not benched from SWAT.

7.16.    Plaintiff was "benched" despite the fact that he was active on the HPD SWAT team longer than any standing member and has more experience than his commander and the three before him.

7.17.    In September 2023, the retaliation against Plaintiff for his previous complaints about the racially hostile atmosphere in the HPD and his discriminatory treatment, again raised its head.

7.18.    Plaintiff's ex-wife had been served with a restraining order to prevent her from being within 100 yards of Plaintiff's Workplace. On September 2, 2023, Plaintiff's ex-wife came to the Hobbs Police Department. Plaintiff brought this violation of the restraining order to the attention of Captain Ricky Guerrero. Guerrero took no action. Plaintiff then spoke to Captain Chad Wright about the incident. Again, no action was taken. Plaintiff then contacted the Lea County Sheriff Department and they dispatched deputies to the lobby of the HPD.

7.19.    Plaintiff was placed on administrative leave for attempting to enforce his rights. This action was not justified and was only done because Plaintiff had previously complained about the racially hostile work environment and the racial discrimination against him.

7.20.    Plaintiff was discharged by HPD on February 6, 2024. The discharge was because of Plaintiff's race and the fact that Plaintiff had

previously complained about the racially hostile work environment and the racial discrimination against him.

7.21.    The conduct of the HPD in creating and allowing the hostile work environment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and created an abusive working environment.

7.22.    As a black African American Plaintiff belongs to a protected class, he suffered harassment affecting a term condition or privilege of employment, the harassment was unwelcome and the harassment was based on Plaintiff's status as a black African American.

7.23.    The racial discrimination and retaliation against Plaintiff was the result of an informal policy or custom. The discrimination was widespread and involved a series of decisions by different individuals. The racially hostile environment was tolerated at the highest ranks in the Hobbs Police Department and throughout City management, including the City Manager and the Human Resources Department.

7.24.    The multiple instances of racially inappropriate comments and a lack of accountability evidence the unwritten policies, customs and practices of the City of Hobbs and the HPD.

8. **First Cause of Action – Racial Discrimination in Employment against the City of Hobbs; Section 1981 through Section 1983.**

8.1.  Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully set forth herein.

8.2.  By the acts and omissions described herein, Defendant engaged in a pattern and practice of discriminating against African American employees, including Plaintiff, by maintaining and allowing a hostile work environment, subjecting Plaintiff to discriminatory treatment, depriving Plaintiff of equal opportunities for advancement, denying Plaintiff promotions, discharging Plaintiff and/or retaliating against Plaintiff because of his race.

8.3.  Defendant acted under the color of state law in discriminating against Plaintiff, thereby depriving him of the rights, privileges, and immunities secured to him by 42 U.S.C. § 1981. Such injury has been and will continue to be irreparable. Section 1983 is the enforcement vehicle for these injuries against the municipality/City of Hobbs.

8.4.  At all relevant times herein, Defendant was directly involved in the maintenance and promulgation of all promotion procedures, and was ultimately responsible for the nature of those procedures.

8.5.  As described above, Defendant knowingly and intentionally maintained a racially discriminatory work environment that resulted in African American officers like Plaintiff being offered fewer opportunities for promotion when compared to white officers with similar skills, experience, and

performance. The maintenance of these practices was intended to, and did, result in disproportionately white leadership within the HPD to the detriment of qualified African American officers.

8.6. HPD's maintenance of discriminatory hiring practices and a hostile work environment constitute adverse employment actions.

8.7. HPD took the aforementioned discriminatory and adverse employment actions because of Plaintiff's race.

8.8. HPD, including but not limited, through the City Manager and the Chief of Police, had actual or constructive knowledge that they and their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff. The conduct was widespread, and/or has occurred on several different occasions, and the conduct engaged in by the HPD and its subordinates poses an unreasonable risk of harm of constitutional injury.

8.9. As discussed, HPD's response to that knowledge was sufficiently inadequate so as to show deliberate indifference to, or tacit authorization of, the offensive practices. HPD, including but not limited through the acts of its subordinates, exhibited a continued inaction in the face of documented widespread abuses.

8.10.     An affirmative causal link existed between HPD's actions and inaction and the constitutional injuries suffered by the Plaintiff, as it is more likely than not that HPD's actions and inaction logically and rationally caused the injuries that Plaintiff suffered.

8.11.     As a direct and proximate result of Defendant's conduct, Plaintiff was harmed and suffered damages, including but not limited to mental and emotional distress, loss of income, loss of reputation and economic damages.

8.12.     HPD's conduct was willful and malicious and constitutes a continuing violation of 42 U.S.C. § 1981. Plaintiff brings this cause of action through 42 U.S.C. § 1983. Section 1983 is the enforcement vehicle against the municipality/City of Hobbs.

8.13.     WHEREFORE, Plaintiff demands the following relief:

8.13.1.  That the Court enter Judgment against the City of Hobbs, and in favor of Plaintiff;

8.13.2.  That the court award Plaintiff back pay, front pay, compensatory damages plus interest in an amount to be proven at trial;

8.13.3.  That the Court award Plaintiff his reasonable attorney's fees and costs incurred in this action;

8.13.4. Plaintiff has a right to obtain injunctive relief against the City of Hobbs and the HPD prohibiting unlawful discrimination against African American employees and applicants. Such injunctive relief would serve the public, including HPD police officers and HPD applicants, in protecting their constitutional right to be free of racial discrimination and harassment; and

8.14. Such other and further relief as the Court deems just and proper under the circumstances.

## 9. Second Cause of Action – Equal Protection Clause of the Fourteenth Amendment against the City of Hobbs; Section 1983 Claim.

9.1. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully set forth herein.

9.2. By the acts and omissions described herein, Defendant engaged in a pattern and practice of discriminating against African American employees and applicants, including Plaintiff, by maintaining and allowing a hostile work environment, subjecting Plaintiff to discriminatory hiring practices, discharging Plaintiff and/or otherwise depriving Plaintiff of equal opportunities for employment because of his race.

9.3. Defendant acted under the color of state law in discriminating against Plaintiff, thereby depriving him of the rights, privileges, and immunities

secured to him by the Constitution and laws of the United States and in direct violation of the Fourteenth Amendment of the United States Constitution.

9.4. HPD through its informal policy and/or through decisions by individuals with final policymaking authority, including, but not limited to, the City Manager and the Chief of Police; and/or through an omission that manifests deliberate indifference to the rights of citizens; and/or through a practice that was so persistent and widespread as to constitute a custom or usage with the force of law, created a custom and/or policy of illegal race-based treatment.

9.5. As a direct and proximate result of these acts, Plaintiff was, and continues to be deprived of his civil rights and suffered and continue to suffer loss of income, job advancement, and other employment benefits, as well as emotional distress, humiliation, embarrassment and damage to his reputation.

9.6. The actions of HPD, in depriving Plaintiff of his constitutional and civil rights was willful and malicious and constitutes a continuing violation of the Fourteenth Amendment.

9.7. At all times herein mentioned, the City of Hobbs and the HPD maintained a series of customs, policies and practices that proximately caused and

continue to cause the violations of Plaintiff's constitutional and civil rights, which include, but are not limited to:

9.7.1.  Defendants' continuing failure to prevent and/or correct the discriminatory deprivation of opportunities for the advancement of the Plaintiff and other African Americans.

9.7.2.   Creating and tolerating a racially-hostile work environment.

9.7.3.   Retaliating against Plaintiff because of his race.

9.8.  The City of Hobbs and the HPD, including through City Manager and the Chief of Police, had actual or constructive knowledge that they and their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff. The conduct was widespread, and/or has occurred on several different occasions, and the conduct engaged in by management and employees of the City of Hobbs and the HPD and their subordinates poses an unreasonable risk of harm of constitutional injury.

9.9.  As discussed, HPD's response to that knowledge was sufficiently inadequate so as to show deliberate indifference to, or tacit authorization of, the offensive practices. HPD, including through the acts of management and employees of the City of Hobbs and the HPD and their subordinates exhibited a continued inaction in the face of documented widespread abuses.

9.10.    An affirmative causal link existed between HPD's inaction and the constitutional injuries suffered by the Plaintiff, as it is more likely than not that HPD's inaction logically and rationally caused the injuries that Plaintiff suffered.

9.11.    WHEREFORE, Plaintiff demands the following relief:

9.11.1.  That the Court enter Judgment against the City of Hobbs, and in favor of Plaintiff;

9.11.2.  That the court award Plaintiff back pay, front pay, compensatory damages plus interest in an amount to be proven at trial;

9.11.3.  That the Court award Plaintiff his reasonable attorney's fees and costs incurred in this action;

9.11.4.  Plaintiff has a right to obtain injunctive relief against HPD prohibiting unlawful discrimination against African American employees and applicants. Such injunctive relief would serve the public, including HPD police officers and HPD applicants, in protecting their constitutional right to be free of discrimination; and

9.12.    Such other and further relief as the Court deems just and proper under the circumstances.

## 10. Third Cause of Action – Retaliation Against the City of Hobbs; Section 1981 Claim through Section 1983.

10.1.    Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully set forth herein.

10.2.    42 U.S.C. § 1981 prohibits retaliation when an employee complains of race discrimination.

10.3.    Plaintiff complained to his superiors about racially offensive language and disparate treatment and received no substantive response.

10.4.    After Plaintiff complained, HPD retaliated against Plaintiff expressly because of his complaints of employment discrimination.

10.5.    Plaintiff brings this cause of action through 42 U.S.C. § 1983. Section 1983 is the enforcement vehicle against the municipality/City of Hobbs.

10.6.    As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues to recover his damages.

10.7.    Plaintiff further requests his attorneys' fees.

## 11. FOURTH CAUSE OF ACTION: VIOLATION OF TITLE VII AGAINST THE CITY OF HOBBS; HOSTILE WORK ENVIRONMENT - RACE.

11.1.    Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully set forth herein.

11.2.    As described above, Plaintiff was subjected to race-based acts of harassment, humiliation, and intimidation in the workplace.

11.3. Plaintiff made it known that the hostile work environment was unwelcome. He complained to his supervisors about the comments of his superiors and co- workers and complained and objected to racially hostile and discriminatory comments to him. The harassment described above was severe and altered the conditions of his employment. Plaintiff did find, and a reasonable person would have found, the conduct offensive.

11.4. The City of Hobbs and the HPD otherwise failed to exercise reasonable care to prevent or correct the hostile work environment. The City of Hobbs and the HPD failed to take prompt corrective action to remedy any of the discriminatory and harassing conduct.

11.5. For the foregoing reasons, the City of Hobbs and the HPD discriminated against Plaintiff because of his race in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), among other ways, by:

11.5.1. Subjecting Plaintiff to harassment based on race, which created an intimidating, hostile, and/or offensive work environment that adversely affected the terms, conditions, and privileges of his employment; and

11.5.2. Failing or refusing to take reasonable or appropriate steps to promptly prevent or correct the harassment; and

11.5.3.  Failing after actual or constructive knowledge of the harassment to take prompt and adequate action to stop it.

11.6.    The failure of Defendant to promote Plaintiff in 2020-2021 is part of the harassing atmosphere and hostile work environment but is not a separate act for which Plaintiff seeks separate damages.

11.7. As a result, the Plaintiff has been damaged in an amount to be determined at trial.

11.8.    WHEREFORE, Plaintiff demands the following relief:

11.8.1.  That the Court enter Judgment against Defendant City of Hobbs, and in favor of Plaintiff;

11.8.2.  That the court award Plaintiff back pay, front pay, compensatory damages plus interest in an amount to be proven at trial;

11.8.3.  That the Court award Plaintiff his reasonable attorney's fees and costs incurred in this action; and

11.9.    Such other and further relief as the Court deems just and proper under the circumstances.

## 12. Fifth Cause of Action: Violation of Title VII against City of Hobbs; Direct Discrimination and Retaliation

12.1.    Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully set forth herein.

12.2.    The foregoing acts describe, and Plaintiff alleges, direct discrimination in violation of Title VII, including, but not limited to, his discharge in February of 2024.

12.3.    Additionally, Plaintiff engaged in protected activity, when he complained about the racially hostile work environment, participated in the alleged investigation of his complaints of race discrimination, objected to further harassment and response to his complaint and filed the current lawsuit.

12.4.    Shortly after Plaintiff's complaints the HPD began engaging in a series of materially adverse actions against Plaintiff that would have dissuaded a reasonable person from complaining of discrimination. Among other ways, and as outlined above, HPD increased its scrutiny of Plaintiff and began investigating him for actions for which white employees were not investigated. HPD denied a promotion to Plaintiff. Plaintiff was also discharged by Defendant because of his race.

12.5.    HPD took the aforementioned adverse actions against Plaintiff because of his race and protected activities.

12.6.    HPD's purported reasons for its actions are pretext for race discrimination and retaliation.

12.7.   For the foregoing reasons, Defendant discriminated against Plaintiff in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

12.8.   WHEREFORE, Plaintiff demands the following relief:

12.8.1.  That the Court enter Judgment against Defendant City of Hobbs, and in favor of Plaintiff;

12.8.2.  That the court award Plaintiff back pay, front pay, compensatory damages plus interest in an amount to be proven at trial;

12.8.3.  That the Court award Plaintiff his reasonable attorney's fees and costs incurred in this action; and

12.9.   Such other and further relief as the Court deems just and proper under the circumstances.

## 13. JURY DEMAND

13.1. Plaintiff requests a jury determine all triable issues.

Respectfully submitted,

By:   */s/ Chris R. Miltenberger*
Chris R. Miltenberger
New Mexico Bar ID. 22-29

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)

817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**

**Certificate of Service**

The undersigned certifies that this document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules. Electronic service will be provided by the Court's CM/ECF system to the following counsel for Defendant:

Lucas Williams
Chelsea R. Green
HINKLE SHANOR LLP
P.O. Box 10
Roswell, NM 88202-0010

By:     */s/ Chris R. Miltenberger*
              Chris R. Miltenberger